OPINION
{¶ 1} Aaron Llewellyn was born on November 13, 2001, and is thechild of appellant Patti Llewellyn and Lawrence Featheroff. On November14, 2001, appellee Fairfield County Children's Services filed a complaintalleging that Aaron was dependent. On February 7, 2002, that case wasdismissed without prejudice, and on the same day, a dependency complaintwas filed under the current case number. On February 7, Aaron Llewellynwas placed under the temporary shelter custody of appellee. The courtordered that appellee was not required to make reasonable efforts toreunite the family, as on December 21, 2001, the court had grantedpermanent custody of Brian and Kyle Llewellyn, Aaron's half siblings, andVictoria Featheroff, appellant's full sibling, to appellee.
 {¶ 2} The case proceeded to trial in the Fairfield County JuvenileCourt. At that time, the court took judicial notice of the testimonyheard in the permanent custody trial involving Brian, Kyle, andVictoria. The evidence at that trial demonstrated that Kyle and Brianwere in foster care in Perry County from October of 1997, to October of1998, at which time they were returned to appellant. In March of 2000,when Victoria was an infant, all three children were removed fromappellant's home due to physical abuse perpetrated on Victoria.
 The evidence reflected that protecting the children from physical abusein the home was a grave concern. Mr. Featheroff, who was incarcerated atthe time of Aaron's birth, had committed domestic violence againstappellant. Appellant was very dependent on others, specifically men.Although she maintained employment for a period of time, she gave all ofher money to Featheroff, and when he was incarcerated, she befriendedanother male. After he was released from jail, she became pregnant byFeatheroff with Aaron. One of the persons appellant permitted to care forthe children had been convicted of sex crimes, and another physicallyabused Victoria. There was evidence that appellant placed herrelationship with Featheroff before her relationship with her children.
 {¶ 3} The evidence also demonstrated that appellant was unable tomeet the children's basic needs by improving hygiene in the home. Thehome remained unclean throughout the entire history of appellee'sinvolvement with the family. While appellant was generally consistentwith her visits with the children, during a four week period in Septemberof 2000, she left the area to be with Featheroff as he worked on thecarnival circuit, and did not notify her mother or appellee of thisfact, prompting her mother to file a missing persons report. In 1998,when Brian and Kyle were living with appellant, they were sent toprotective daycare every day, and appellant frequently requested that thefoster parents and others take the children for the weekend, even thefirst weekend they were returned home.
 {¶ 4} At the time of the hearing concerning the permanent custodymotion of Aaron, appellant stated that permanent custody concerning theother three children was a good decision for them, as they were betteroff with people who could have given them the care that they needed. Thecourt found that since the granting of permanent custody of the otherthree children, appellant had failed to satisfactorily address any of theagency's previous concerns, and some of the agency's concerns havestrengthened.
 The court concluded that appellant had demonstrated a lack ofcommitment towards Aaron, and demonstrated an unwillingness to provide anadequate permanent home for Aaron. The court terminated appellant'sparental rights, and granted permanent custody to appellee. Appellantassigns a single error on appeal.
 {¶ 5} "The trial court erred in ordering permanent custody ofAaron Llewellyn to Fairfield County Children's Services as such wasagainst the manifest weight of the evidence."
 {¶ 6} Appellant first argues that the court erred in failing torequire appellee to implement a case plan regarding Aaron, and attempt toreunify the family. She argues that at the time the initial complaint wasfiled, immediately after Aaron's birth, permanent custody of the childrenhad not been granted to appellee, and thus the agency was required tomake efforts to reunify.
 {¶ 7} At the time the complaint in the instant case was filed,February of 2002, permanent custody of Brian, Kyle, and Victoria had beengranted to appellee. Pursuant to R.C. 2151.419 (A)(2)(e), the agency isnot required to make reasonable efforts to reunify when the parent fromwhom the child was removed has had parental rights involuntarilyterminated with respect to a sibling of the child. Because permanentcustody of Victoria, Brian, and Kyle had been granted to appellee priorto the filing of the complaint at issue in the instant appeal, the courtdid not err in finding the agency was not required to make reasonableefforts to reunify. Any issues regarding the complaint that was dismissedare not before the court on this appeal.
 Appellant also argues that the finding that she had demonstrated a lackof commitment toward Aaron is against the manifest weight of theevidence. She argues that she had no opportunity to address the concernsof the agency, as no case plan for reunification was filed. However, theevidence reflected that at the time of the hearing concerning Aaron,appellant remained unemployed, and did not have her own residence. At thattime, both appellant and Featheroff were living with appellant's mother.The report of the Guardian Ad Litem demonstrated that appellant did notbelieve Featheroff had harmed her other children, and elected to pursueher relationship with him, despite the fact that the Guardian hadinformed her that she might be able to provide appropriate parenting forAaron if she demonstrated improvement through concentrated therapy. Therewas sufficient evidence to support the court's conclusion that appellanthad not demonstrated a positive change in the months between thepermanent custody judgment concerning her three older children, and thepermanent custody hearing concerning Aaron.
 {¶ 8} The assignment of error is overruled.
 {¶ 9} The judgment of the Fairfield County Common Pleas Court,Juvenile Division, is affirmed.
By Gwin, J., Hoffman, P.J., and Wise, J., concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, The judgment of the Fairfield County Common Pleas Court, Juvenile Division, is affirmed. Costs to appellant.